UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL DARREL MILAM,

                  Plaintiff,

    v.

DEPARTMENT OF CORRECTIONS, *et al.*,

                  Defendants.

Case No. C20-689-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Michael Milam has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## II.    DISCUSSION

On May 1, 2020, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (Dkt. # 1-1.) Plaintiff alleged therein that the named Defendants violated his

rights under the Eighth and Fourteenth Amendments when they imposed an excessive sentence in relation to a 2008 King County Superior Court conviction. (Dkt. # 7.) At issue was a 50-month DOSA (Drug Offender Sentencing Alternative) sentence pursuant to which Plaintiff was required to serve 25 months in the custody of the Washington Department of Corrections ("DOC") followed by 25 months in the community. (*Id*. at 5.) Plaintiff understood that revocation of the DOSA sentence would result in him being returned to custody to complete the 50-month term. (*Id*.) Plaintiff also believed that if his DOSA were to be revoked, the term of community custody imposed as a part of his original sentence would be stricken. (*See id*.)

Plaintiff's DOSA sentence was indeed revoked and he was returned to custody to serve the remainder of his 50-month sentence. According to Plaintiff, he was thereafter required to serve a 9 to 18-month term of community custody which he claimed caused his ultimate sentence to exceed the statutory maximum for his offense of conviction. (*See id*. at 5, 7-8.) Plaintiff identified the DOC, Community Corrections Officer Lorell Smith, and Community Corrections Supervisor Durant as Defendants in his complaint. (*Id*. at 3.) He requested relief in the form of damages. (*Id*. at 9.)

On June 29, 2020, this Court issued an Order directing Plaintiff to show cause why this action should not be dismissed based upon his failure to state any cognizable ground for relief. (Dkt. # 8.) The Court explained therein that in order to recover monetary damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by unlawful actions which would render a conviction or sentence invalid, a plaintiff who brings an action under § 1983 must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

REPORT AND RECOMMENDATION
PAGE - 2

question by a federal court's issuance of a writ of habeas corpus. (*Id*. at 3-4, citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).) The Court noted that Plaintiff had not alleged his 2008 conviction and/or sentence had been invalidated in any way, and that it therefore appeared his claims were barred by *Heck* and this action was subject to dismissal under 28 U.S.C. § 1915A(b)(1).[1] (*Id*. at 4.)

Plaintiff did not respond in any fashion to the Court's Order to Show Cause which the Court construes as a concession by Plaintiff that he is unable to demonstrate his claims are cognizable in this civil rights action. This action must therefore be dismissed.

### III. CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915A(b)(1), for failure to state a cognizable claim for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

---

[1] The Court also observed in its Order to Show Cause that the claims asserted by Plaintiff in his civil rights complaint had previously been raised by Plaintiff in his then pending federal habeas action. (*See* Dkt. # 8 at 1-3.) Plaintiff filed two summary judgment motions in his habeas action in which he expressly asserted claims under 42 U.S.C. § 1983, arguing that the trial court imposed an unauthorized term of community custody on top of his DOSA sentence. *See Milam v. Department of Corrections*, C20-422-RSM, Dkt. ## 23, 27. Plaintiff requested in his motions that his criminal judgment be vacated and that he be awarded monetary damages. *Id*. Plaintiff's motions were denied on the grounds that § 1983 was not the proper legal mechanism to invalidate his criminal judgment, and that his requests for monetary damages under § 1983 were barred under *Heck*. *See id*., Dkt. ## 24, 28, 34.

REPORT AND RECOMMENDATION
PAGE - 3

within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 25, 2020**.

DATED this 2nd day of September, 2020.

MICHELLE L. PETERSON
\United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4