THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL DARREL MILAM,

     Plaintiff,

  v.

DEPARTMENT OF CORRECTIONS, *et al.*,

     Defendants.

CASE NO. C20-0689-JCC

ORDER

  This matter comes before the Court on Plaintiff's civil rights complaint (Dkt. No. 7), the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 9), Plaintiff's objections to the R&R (Dkt. No. 10), and Plaintiff's motion to stay (Dkt. No. 11). Having thoroughly reviewed the R&R and the relevant record, the Court hereby OVERRULES Plaintiff's objections, ADOPTS the R&R, and DENIES Plaintiff's motion for the reasons explained herein.

## I. BACKGROUND

  Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this suit for money damages under 42 U.S.C. § 1983 against the Washington Department of Corrections ("DOC"), a DOC Community Corrections Officer, and a DOC Supervisor for alleged violations of his Eighth and Fourteenth Amendment rights. (Dkt. No. 7 at 3–6.) He alleges that he pleaded guilty to a crime in state court in 2008 and received a Drug Offender Sentencing Alternative ("DOSA") under

which he was required to serve 25 months in DOC custody followed by 25 months in the community. (*Id.* at 5.) Plaintiff's DOSA was revoked and he was returned to custody to serve the remainder of his 50-month sentence. (*Id.* at 5, 8.) He alleges that upon his release, he was required to again serve a term of community custody, which caused his ultimate sentence to exceed the statutory maximum for his offense of conviction. (*Id.*)

Judge Peterson issued an order directing Plaintiff to show cause why his complaint should not be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a cognizable ground for relief. (Dkt. No. 8.) The Court explained that under *Heck v. Humprey*, 512 U.S. 477, 486–87 (1994), if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the plaintiff pleads facts showing that the conviction or sentence has already been invalidated. (Dkt. No. 8 at 3–4.) As Judge Peterson explained, Plaintiff's complaint is subject to dismissal because it does not allege that his conviction or sentence has already been invalidated. (*Id.*) Plaintiff did not respond to the Court's show cause order. Accordingly, Judge Peterson issued an R&R recommending the Court dismiss Plaintiff's complaint without prejudice. (Dkt. No. 9.) Plaintiff objects to the R&R, (Dkt. No. 10), and asks the Court to stay this case pending the outcome of a personal restraint petition filed in state court challenging his sentence, (Dkt. No. 11).

## II.    DISCUSSION

### A.    Legal Standard

The district court must make a *de novo* determination of those portions of a magistrate judge's report or specified proposed findings or recommendations to which a party objects. 28 U.S.C. § 636(b)(1). However, *de novo* review is not required when a party fails to direct a court to a specific error in the proposed findings and recommendations. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); 32 Am. Jur. 2d *Federal Courts* § 145 (2010). A mere recitation or summary of arguments previously presented is not an "objection" as that term is used in this context since a valid "objection" must put the district court on notice of potential

1  errors in the magistrate judge's report and recommendation. *VanDiver v. Martin*, 304 F. Supp. 2d

2  934, 937-938 (E.D. Mich. 2004). Without a specific objection to particular aspects of the report

3  and recommendation, "the district court's attention is not focused on any specific issues for

4  review, thereby making the initial [referral] to the magistrate useless. . . . [t]his duplication of

5  time and effort wastes judicial resources rather than saving them, and runs contrary to the

6  purposes of the Magistrates Act." *Howard v. Secretary of Health and Human Services*, 932 F.2d

7  505, 509 (6th Cir. 1991).

8      B.  Plaintiff's Objections

9          Plaintiff's objections to the R&R essentially restate the allegations in Plaintiff's

10  complaint and do not address the *Heck* bar or contain any valid objections for the Court's review.

11  (*See generally* Dkt. No. 10.) In any case, the Court has reviewed Plaintiff's complaint *de novo*

12  and agrees with Judge Peterson that Plaintiff's claims are barred by *Heck*. *See* 512 U.S. at 486–

13  87. Because Plaintiff specifically challenges the duration of his sentence, a judgment in his favor

14  would necessarily imply the invalidity of his sentence, and he has not alleged that his sentence

15  has already been invalidated on direct appeal or through a collateral attack. Instead, he

16  acknowledges that he has filed a personal restraint petition in the Washington Court of Appeals

17  collaterally attacking his sentence, and that petition remains pending. (Dkt. No. 10 at 3; Dkt. No.

18  11.)

19      C.  Plaintiff's Motion to Stay

20          Plaintiff asks the Court to stay this case pending the outcome of his personal restraint

21  petition. (Dkt. No. 11; *see also* Dkt. No. 10 at 3.) Under *Edwards v. Balisok*, 520 U.S. 641, 649

22  (1997), a stay is not appropriate. *See* 520 U.S. at 649 (finding that the lower court erred in

23  staying a plaintiff's *Heck*-barred claims because "absent some other bar to the suit, a claim either

24  is cognizable under § 1983 and should immediately go forward, or is not cognizable and should

25  be dismissed").

26          Accordingly, the Court OVERRULES Plaintiff's objections (Dkt. No. 10) and ORDERS:

1. The R&R (Dkt. No. 9) is APPROVED and ADOPTED.

2. Plaintiff's complaint (Dkt. No. 7) and this action are DISMISSED without prejudice.

3. Plaintiff's motion to stay (Dkt. No. 11) is DENIED.

4. The Clerk is DIRECTED to terminate Plaintiff's pending motion for summary judgment (Dkt. No. 14) and motion to compel (Dkt. No. 15).

5. The Clerk is further DIRECTED to send copies of this order to Plaintiff and to Judge Peterson.

DATED this 8th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-0689-JCC
PAGE - 4